# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM LEO RUMINER, )<br>       Petitioner, )<br>v. )<br>WILLIAM RANKINS, )<br>       Respondent. ) | Case No. CIV-22-675-G |

## ORDER

Petitioner William Leo Ruminer, a state prisoner appearing pro se, filed a habeas petition and an application seeking leave to proceed *in forma pauperis*. On September 8, 2022, the Court denied Petitioner's application for leave to proceed *in forma pauperis* and advised Petitioner that unless he paid the $5.00 filing fee in full to the Clerk of the Court on or before September 29, 2022, or showed good cause for his failure to do so, this action was subject to dismissal without prejudice. *See* Order of Sept. 8, 2022 (Doc. No. 10).

As of this date, Petitioner has not submitted his required filing fee, shown good cause for his failure to do so, or otherwise been in contact with the Court.

Petitioner has had "ample time" to ensure compliance but has instead chosen to disregard the Court's Order. *Soeken v. Estep*, 270 F. App'x 734, 736 (10th Cir. 2008). Further, "[a] district court possesses broad discretion in determining whether to dismiss a petition without prejudice for failing to comply with court orders." *Id.* at 735-36; *see also Thornton v. Estep*, 209 F. App'x 755, 756-57 (10th Cir. 2006); *Adams v. Wiley*, 298 F. App'x 767, 768-69 (10th Cir. 2008). Accordingly, dismissal of this matter is warranted.

*See* LCvR 3.3(e) (prescribing that if an *in forma pauperis* application is denied, the litigant's "[f]ailure to pay the filing fees by the date specified, to seek a timely extension within which to make the payment, or to show cause in writing by the date specified for payment" "shall be cause for dismissal of the action without prejudice to refiling"); *Sears v. Dist. Att'y*, No. CIV-17-1195-HE, 2017 WL 7669372 (W.D. Okla. Dec. 28, 2017) (R. & R.), *adopted*, 2018 WL 837607 (W.D. Okla. Feb. 12, 2018).

## CONCLUSION

For the foregoing reasons, the Petition (Doc. No. 1) in this matter is DISMISSED without prejudice. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rules 1(b) and 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

IT IS SO ORDERED this 24th day of October, 2022.

*[signature]*

CHARLES B. GOODWIN
United States District Judge

3